338 So.2d 874 (1976)
Douglas TUNSIL, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-996.
District Court of Appeal of Florida, Third District.
October 26, 1976.
Rehearing Denied November 12, 1976.
*875 Hirschhorn & Freeman, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Appellant, defendant below, appeals from a final judgment of conviction and sentence entered by the trial judge after a jury found him guilty of manslaughter pursuant to Section 782.07, Florida Statutes (1973) and sentenced him to ten years incarceration, five years being withheld with five years probation.
Appellant was charged in an information with manslaughter in the death of one John Romer. On April 27, 1975, appellant was parked on the street in front of a local "hangout." Appellant contends that, while his friend approached the parked auto, an unidentified man jumped in appellant's car, brandishing a gun, and ordered him to, "Get me out of here."
Appellant further contends that, while speeding away, he eyed a police vehicle in his rear view mirror and, hoping to catch the police officer's attention, made an illegal turn and continued racing past several stop signs. A high speed chase ensued climaxed by the appellant striking the victim's auto. The alleged third passenger in the car, the man with the gun, escaped, eluding the police. After the accident, appellant and his friend were arrested.
The victim, John Romer, was subsequently taken to a hospital in a coma. There, as a result of his comatose state, the victim developed pneumonia. Two days before his death, he was visited by a resident physician at the hospital. By a physical examination, the physician found evidence of pulmonary infection in both of the victim's lungs. The doctor, however, refrained from giving the victim any medication "until feasable." He returned two days later to pronounce the victim dead.
During the trial, the Assistant Medical Examiner for Dade County testified that the autopsy showed "contusions or a direct injury to the brain itself." The Medical Examiner further testified that the victim's immediate cause of death was pneumonia brought on by the head injuries.
Appellant took the stand in his own defense offering his exculpatory version of the events. However, the arresting officers testified that, upon appellant's arrest, no such story of a gun-wielding commando was ever communicated to them. At the end of the trial, appellant was convicted of manslaughter. A post-judgment motion for new trial was denied. Judgment and sentence were entered and this appeal follows.
Appellant seeks a reversal of his conviction for manslaughter on the grounds that the victim's death could have been avoided through affirmative medical treatment. Appellant argues that the lack of affirmative medical treatment constituted an intervening cause relieving him of any criminal responsibility for the victim's death.
In support of his argument, appellant attempts to distinguish those Florida cases holding that affirmative medical treatment will not break the chain of causation between a perpetrator's act and his criminal responsibility for the victim's death. See, e.g., Adams v. State, 310 So.2d 782 (Fla. 2d DCA 1975) and the cases cited therein.
We are of the opinion that appellant's distinction between affirmative medical treatment and lack of affirmative medical treatment is without merit, and that, based on the facts appearing in the record on appeal, the case of Johnson v. State, 64 Fla. 321, 59 So. 894 (1912), is controlling. The record shows that appellant's actions were the proximate cause of the victim's initial injury, i.e., brain damage, and we find no intervening cause relieving appellant of the criminal responsibility for the victim's death. Further, appellant's other points on appeal are without merit.
*876 We have considered the record, all points in the brief and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment and sentence appealed are affirmed.
Affirmed.