348 So.2d 637 (1977)
STATE of Florida, Appellant,
v.
David SMITH, Appellee.
No. 76-1577.
District Court of Appeal of Florida, Second District.
July 29, 1977.
*638 Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellant.
James R. Long, Fort Myers, for appellee.
SCHEB, Judge.
The state filed an information charging appellee Smith with aggravated assault upon Deputy Ronald Rolling of the Lee County Sheriff's Department. The trial court granted Smith's motion to dismiss the information and this appeal by the state ensued. We reverse.
In Smith's motion to dismiss filed under Fla.R.Crim.P. 3.190(c)(4), it was alleged that in February of 1976 Deputy Rolling went to Smith's residence in response to a neighborhood disturbance complaint called in by one of Smith's neighbors. As Deputy Rolling approached the door of Smith's house, Smith pointed a loaded shotgun at him and said, "`[Y]ou step foot inside this house and I'll shoot you.'" The motion also stated that Deputy Rolling had been trespassing on Smith's property at the time of the incident. The state filed no traverse to the allegations in Smith's motion.
A hearing was held on the matter, and on September 20, 1976, the trial court entered its order dismissing the information. The order said, in part:
And the Court having determined that the actions of the Defendant in pointing a loaded shotgun at a police officer while simultaneously stating "... [Y]ou step foot inside this house and I'll shoot you" constituted in law a conditional threat, and not unlawful, it is therefore
ORDERED and ADJUDGED that the Information charging the Defendant in the above styled cause be and the same is hereby dismissed.
When a criminal defendant moves to dismiss the information against him the motion should be granted "only where the most favorable construction to the state would not establish a prima facie case of guilt." State v. Davis, 243 So.2d 587, 591 *639 (Fla. 1971). Though our supreme court was careful to note in Davis that there are important differences between a summary judgment in civil law and a motion to dismiss in criminal law, the court did say the two procedural devices have the same objective, i.e., to avoid trial when the material facts are not genuinely in issue and can legally support only one conclusion.
It cannot be said, however, that as a matter of law the only conclusion the facts in this case would support would be the innocence of appellee Smith. An element of the crime of aggravated assault (as well as simple assault) is a well-founded fear by the person threatened that violence is imminent.[1] In our view the nature of the threat as conditional should have been regarded as evidence going to the issue of whether Deputy Rolling had a well-founded fear that violence was imminent. Though the conditional nature of the threat may well have lessened the probability that Deputy Rolling had a well-founded fear, the evidence was not such that the trial court could have concluded, as a matter of law, that Rolling did not have such a well-founded fear.[2]
The trial court also found that Smith's conditional threat was "lawful." We interpret this to mean that even if the facts would ordinarily have constituted a prima facie case of aggravated assault Smith had the right to use the force he did, and that such right was a complete defense to the charge. We have great reservations about any proposition of law which in effect would have allowed Smith to carry out his threat of shooting Deputy Rolling if the officer had entered Smith's home. While a man's home is indeed his castle, one does not have unlimited discretion in the use of deadly force to defend it. This is especially true when the intruder is a police officer in the line of duty. The reasonableness of the force used is generally a question of fact to be determined by a jury after proper instructions. See generally 25 A.L.R. 508 (1923), and supplements thereto.
We have not overlooked the allegation in Smith's motion that Deputy Rolling was trespassing when he approached the door of his house. Smith argues that we must assume the truth of the trespass allegation because the state failed to traverse it. However, Fla.R.Crim.P. 3.190(d) says, "Factual matters alleged in a motion to dismiss shall be deemed admitted unless specifically denied by the State in such traverse." (Emphasis added.) Whether Deputy Rolling was trespassing is a matter of law, not a matter of fact. Therefore, the failure of the state to traverse this allegation is not determinative of this issue.
In State v. Belcher, 317 So.2d 842 (Fla.2d DCA 1975), we held that when a police officer enters upon private property in the performance of his duty, conduct on his part that would otherwise be a trespass is justifiable. See also Foster v. United States, 296 F.2d 65 (5th Cir.1962). In viewing the evidence most favorably to the state, as must be done on a motion to dismiss, we cannot conclude that Deputy Rolling was trespassing when he approached Smith's door in performance of his duty as an officer.
We recognize that at trial "the shoe will be on the other foot," i.e., the state will *640 have the burden of proof and the presumption of innocence will best with appellee Smith. However, on motion to dismiss, we cannot find that the facts alleged required that the information should have been dismissed.
REVERSED.
HOBSON, Acting C.J., and GRIMES, J., concur.
NOTES
[1] Sec. 784.021(1)(a), Fla. Stat. (1975), defines an aggravated assault to be an assault with a deadly weapon without intent to kill. Sec. 784.011(1), Fla. Stat. (1975), defines an assault to be "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." So aggravated assault incorporates the elements of assault, but includes the additional element of the use of a deadly weapon.
[2] In fact, Deputy Rolling's deposition indicates that he did have a well-founded fear:

Q. [Defense Counsel]: In your own mind you thought it was conditional?
.....
[Deputy Rolling]: I didn't, really. He had the gun on me then, you know. I thought if he was serious enough to point it, he was serious enough to shoot it.