382 So.2d 1372 (1980)
STATE of Florida, Appellant,
v.
Kent Arthur MURRAY, Jr., Appellee.
No. 77-2575.
District Court of Appeal of Florida, Fourth District.
May 7, 1980.
*1373 Robert L. Shevin, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellant.
No appearance for appellee.
HERSEY, Judge.
This is an appeal by the state from an order dismissing Count V of an Information. The charge involved is carrying a concealed firearm during the commission of a felony in violation of Section 790.07, Florida Statutes (1977).
As appellee prepared to board an early morning flight at Palm Beach International Airport he passed his closed and locked briefcase through an x-ray security device located at the aircraft boarding gate. The x-ray attendant observed the outline of a pistol in the briefcase whereupon law enforcement officers seized the briefcase. Appellee was consequently detained and searched by a deputy sheriff who discovered a small packet of cocaine in one of appellee's shoes. Appellee was charged with the felony of possession of cocaine and the felony of carrying a concealed weapon during the commission of a felony. Dismissal of the latter count produced this appeal.
We reiterate our previous holding that one who carries a firearm in a closed briefcase can be guilty of carrying a concealed firearm in violation of Section 790.01(2), Florida Statutes (1977). Rogers v. State, 336 So.2d 1233 (Fla. 4th DCA 1976). Ipso facto, one who carries a firearm in a closed briefcase can be guilty of carrying a concealed weapon during the commission of a felony in violation of Section 790.07, Florida Statutes (1977).
The dismissal of the charge of carrying a concealed weapon during the commission of a felony was based upon the trial court's interpretation of a portion of Section 790.25, Florida Statutes (1977), which provides in pertinent part:
(3) EXCEPTIONS.  The provisions of ss. 790.05 and 790.06 shall not apply in the following instances and, despite said sections, it shall be lawful for the following persons to own, possess, and lawfully use firearms and other weapons, ammunition, and supplies for lawful purposes:
* * * * * *
(l) Any person traveling by private conveyance when the weapon is securely encased, or in a public conveyance when the weapon is securely encased and not in person's manual possession; ...
We hold that this exception (or, more properly, exemption) has no application to the facts of this case. That this is so is aptly demonstrated by examination of the language of the statute.
First, the exemption allows certain individuals under specified circumstances to be *1374 in possession of firearms without incurring the penalties for carrying or possessing them without a license. It does not, under any circumstances, permit carrying concealed firearms.
Second, there is no such thing as a license to carry a concealed firearm during the commission of a felony. Accordingly, there can be no exception to the requirement of a license.
Finally, Section 790.25(2)(a) specifically provides that the protections afforded by Section 790.25 "shall not apply to ... any person using weapons or firearms in violation of ..." Section 790.07.
Having reached the conclusion that the exception does not apply, it is unnecessary to consider whether portions of Chapter 790 may be vulnerable to attack on constitutional grounds since the sections of the statute which apply here are clear and definite.
Therefore, we reverse the order of the trial court dismissing Count V of the Information and remand this cause to the trial court for such further proceedings as may be appropriate by virtue of this opinion.
REVERSED AND REMANDED.
BERANEK and HURLEY, JJ., concur.