DANAHY, Judge.
Appellee was charged with carrying a concealed firearm on or about his person contrary to section 790.01(2), Florida Statutes (1979). He moved to dismiss the charge, contending that he could not be prosecuted because he came within the exception fashioned by the legislature in section 790.25(3)(/) for persons who have a firearm securely encased when they are traveling in a private conveyance. The trial judge, citing Hanigan v. State, 312 So.2d 785 (Fla. 2d DCA 1975), agreed and dismissed the charge. When he did so, the trial judge necessarily ruled that the undisputed facts failed to establish a prima facie case of guilt of the crime charged. After an examination of the applicable statutes and the cases construing them, we disagree and reverse.
When we review the dismissal of a criminal charge before a trial on the merits, we must look at the facts in a light most favorable to the state to see whether those facts present a prima facie case of guilt. State v. Davis, 243 So.2d 587 (Fla.1971); State v. Smith, 348 So.2d 637 (Fla. 2d DCA 1977).
The pertinent facts in this case are these:
Appellee alleged that the firearm was in his van and in a holster with a leather strap across the hammer at the time it was seized *167 by a police officer. Appellee told the police officer that he had a gun under the driver’s seat of his van. The officer, who saw the butt of the gun and seized it from appellee’s vehicle, testified that it was in a holster in an upright position, barrel facing the floorboard, leaning up against the frame of the driver’s seat. The leather strap was not snapped across the hammer but, rather, was behind the cylinder. The gun was in a position where the driver could easily take it out by the butt and drop the holster quickly without even unsnapping it.
Based on this set of facts we cannot say, as we could in Hanigan, that, as a matter of law, the firearm was so securely encased as to exempt appellee from the proscription of the concealed firearm statute by the exception contained in section 790.25(3)(7), which states:
(7) Any person traveling by private conveyance when the weapon is securely encased, or in a public conveyance when the weapon is securely encased and not in person’s manual possession; [Emphasis added.][1]
The trial judge improperly applied existing law to the facts of this case when he dismissed this case on the authority of Han-igan, and the secure encasement exception contained in section 790.25(3)(7). In Hani-gan we said the gun was securely encased because the leather strap was snapped over the hammer and the gun could not be fired until after the strap was unsnapped and the gun removed from the holster. Those actions by a handgun user require some lapse of time and pause for thought — events the legislature anticipated in carving out this exception to the proscription of the concealed gun law.[2]
In the recent case of Cates v. State, 408 So.2d 797 (Fla. 2d DCA 1982), Judge Grimes, writing for this court, provides a comprehensive analysis of this exception to the concealed gun statute, the difficulties it has presented for our citizens and courts, and, together with the concurring remarks of Judge Ryder, some suggestions for legislative review.[3] In Cates this court said that a jury could find that a handgun placed in an unlocked receptacle located between the bucket seats of the driver’s car did not come within the secure encasement exception provision of the statute.
If the facts of this case as stated by the police officer are to be believed, the gun in the case before us was more accessible for quick use, unimpeded by the factors which would cause the slight delay of its use in Hanigan. It may be that the facts in the case before us are like those in Hanigan and that appellee meets the exception because the leather strap was fastened over the hammer and, thus, the gun was relatively inaccessible. But whether that is so is clearly in dispute since the police officer stated that the strap was not over the hammer, but was merely over the cylinder and in a position where the gun could have been easily removed from the holster by the butt for quick use. On the disputed facts which were before the trial judge we are unable to say, as a matter of law, as we could in Hanigan, that the gun was “securely encased” as defined by the statute. This factual dispute can only be resolved by a jury.
Because that is so, we REVERSE the order dismissing the information which charged appellee with carrying a concealed firearm and REMAND the case to the trial court for further proceedings consistent with this opinion.
GRIMES, A. C. J., and OTT, J., concur.

. The terms “weapons” and “firearms” in section 790.25, Florida Statutes (1979), are used interchangeably. State v. Hanigan, 312 So.2d 785, 788 (Fla. 2d DCA 1975).

. This is consistent with the purposes of firearm use and safety announced by the legislature in its Declaration of Policy when the exceptions to the proscription of the concealed gun law were created. § 790.25(1), Fla.Stat. (1979).

.During its 1982 regular session, the legislature amended the statute. Ch. 81-131, Laws of Fla. The provisions of the new law, of course, do not apply to this case.