442 So.2d 408 (1983)
STATE of Florida, Appellant,
v.
Ralph Edwin HORTON, Appellee.
No. 83-1202.
District Court of Appeal of Florida, Second District.
December 16, 1983.
Jim Smith, Atty. Gen., Tallahassee, and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for appellant.
John R. Haggitt, Clearwater, for appellee.
OTT, Chief Judge.
Ralph Edwin Horton was charged with false imprisonment. The trial court granted his motion to dismiss and the state appeals. We reverse.
Defendant's motion to dismiss, filed under Florida Rule of Criminal Procedure 3.190(c)(4), contained the following allegations:
1) The material facts of this case are undisputed and are as follows:
a) The "victim", an employee of U.P.S., made a delivery to the Defendant's motel sometime between 11:00 a.m. and 11:30 a.m. on February 28, 1983.
b) The Defendant did not know what was in the boxes delivered and asked the driver if he, the Defendant, could open a *409 box to see what it was before he paid the $348.60 for the goods.
c) The driver advised him he could not open the box to see what it was and he could either pay or refuse delivery at which time the boxes would be removed.
d) The Defendant, according to the driver, advised the driver that this was unacceptable and he was going to open a box and approached the box with a letter opener in hand. The driver moved toward the main exit but the Defendant reached the door first and locked it with a key that was on his belt. He told the driver he would stay until the Defendant was allowed to open the box. At that time, the driver placed the box on the floor, sat on it and waited.
e) The lobby of the motel was all glass and fully visible to the street and sidewalk outside.
f) There was another exit from the motel lobby into the Defendant's living quarters which remained open and unlocked at all times the driver was present. The Defendant left the room through this exit on at least one occasion and tenants of the motel entered through this door to pick up their mail. The driver made no attempt to leave by this exit.
g) The Defendant reached his wife by telephone and she confirmed that she was expecting a delivery. The Defendant then paid the driver and unlocked the front door, the driver then got two other boxes out of his vehicle, brought them in the motel and then left.
h) The driver stated the door was locked for approximately 25 minutes.
i) At no time did Defendant touch or make any threatening gestures or remarks to the driver. He did state, according to the driver, during a phone call that he had a prisoner.
A motion to dismiss under rule 3.190(c)(4) should be granted only where the most favorable construction to the state would not establish a prima facie case of guilt. State v. Smith, 348 So.2d 637, 638 (Fla. 2d DCA 1977); State v. Swoveland, 413 So.2d 166 (Fla. 2d DCA 1982).
Section 787.02(1)(a), Florida Statutes (1981), defines false imprisonment as "forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his will with any purpose other than those referred to in section 787.01 [kidnapping]."[1]
Upon review of the motion, we believe fact questions exist as to whether a restraint or confinement occurred and, if so, whether such restraint or confinement was accomplished by threat.[2] Resolving these disputes in the light most favorable to the state, as must be done on a motion to dismiss, we find the establishment of a prima facie case of false imprisonment. Accordingly, we hold that the trial court erred in granting defendant's motion to dismiss.
In light of our holding, we need not consider the timeliness or adequacy of the state's traverse.
The trial court's grant of defendant's motion to dismiss is REVERSED, the information is REINSTATED, and the case is REMANDED for further proceedings.
SCHEB and DANAHY, JJ., concur.
NOTES
[1] In Brunelle v. State, 360 So.2d 70 (Fla. 1978), the supreme court construed this statute as being written in the disjunctive, with the adverbs "forcibly," "threat," and "secretly" all being intended to modify the verbs "confining," "imprisoning," and "restraining." Thus, an unlawful restraint may be accomplished by threat alone or force alone or can be secretly accomplished. See Jane v. State, 362 So.2d 1005, 1006 (Fla. 4th DCA 1978).
[2] Florida Rule of Criminal Procedure 3.190(d) says that factual matters alleged in a motion to dismiss shall be deemed admitted unless specifically denied by the state in its traverse. Paragraph 1 i of the motion to dismiss contains a conclusory allegation regarding the lack of threatening gestures or remarks. We do not feel bound to accept this conclusory allegation, as the depiction of the event contained in paragraphs 1 a-d provides a basis for finding that a threat was involved.