SHIVERS, Judge.
Appellant appeals, by way of the trial court’s denial of his RCrP 3.850 motion, his judgments of conviction and sentences for manslaughter by intoxication and manslaughter, contrary to sections 860.01 and 782.07, Florida Statutes (1981), respectively. Appellant contends that he should not have been sentenced for both manslaughter by intoxication and manslaughter, since only a single death occurred. We disagree and affirm based on the rationale set forth in this court’s recent decision of Houser v. State, 456 So.2d 1265 (Fla. 1st DCA 1984). See generally Smith v. State, 65 So.2d 303, 305 (Fla.1953); Taylor v. State, 46 So.2d 725, 726 (Fla.1950); State v. Stiefel, 256 So.2d 581 (Fla. 2d DCA 1972).
We recognize that our decision conflicts with the recent decision of the Fifth District Court of Appeal in Gordon v. State, 457 So.2d 1095 (Fla. 5th DCA 1984). We further certify the following question to *448 the Florida Supreme Court as an issue of great public importance and which has a great effect on the proper administration of justice throughout the state:
WHETHER A DEFENDANT MAY BE CONVICTED AND SENTENCED FOR BOTH MANSLAUGHTER BY INTOXICATION AND MANSLAUGHTER WHERE THERE WAS ONLY A SINGLE DEATH?
See Gordon v. State and Houser v. State, supra, for their related certification of this issue.
Appellant’s judgments of conviction and sentences are AFFIRMED.
WENTWORTH, J., concurs.
NIMMONS, J., dissents with written opinion.