496 So.2d 195 (1986)
The STATE of Florida, Appellant,
v.
Harold J. SMITH, Appellee.
No. 85-2897.
District Court of Appeal of Florida, Third District.
October 14, 1986.
Rehearing Denied November 17, 1986.
Jim Smith, Atty. Gen., Richard L. Polin, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, Yale T. Freeman, Sp. Asst. Public Defender, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The state appeals from an order granting Smith's motion to dismiss an information charging him with the second-degree murder of Dan McKinnon. We reverse.
*196 In his motion to dismiss, Smith admitted stabbing McKinnon in the chest with a folding pocketknife. He further alleged that an hour after the stabbing incident McKinnon walked into the emergency room at Jackson Memorial Hospital. According to Smith, McKinnon was alert, unassisted, and experiencing no apparent difficulty in breathing. Smith's motion further alleged that had McKinnon received optimum care he would not have died. Finally, Smith concluded that the inferior medical treatment which McKinnon received at the hospital was an intervening cause of his death and served to exculpate Smith of McKinnon's death. The state ultimately demurred to Smith's motion to dismiss. The court granted Smith's motion and dismissed the cause.
On appeal, this court is required to decide whether the undisputed facts either (1) fail to establish a prima facie case against Smith, or (2) do establish a valid defense to the charge. See State v. Green, 400 So.2d 1322 (Fla. 5th DCA 1981). The rule in Florida has long been that where an assailant inflicts a wound which is in itself dangerous to life, the supervening lack of optimal medical attention or affirmative medical malpractice is not an intervening cause of the victim's death. Hallman v. State, 371 So.2d 482 (Fla. 1979); Johnson v. State, 64 Fla. 321, 59 So. 894 (1912); Tunsil v. State, 338 So.2d 874 (Fla. 3d DCA 1976).
Since the charging information indicated that the wound was dangerous in itself, the undisputed facts establish a prima facie case.
The only defense that Smith asserts in his motion to dismiss is that McKinnon's death was caused by the hospital's alleged negligence. Even if this fact is presumed to be true, as required in light of the state's demurrer, see Fla.R.Crim.P. 3.190(d), it fails to establish a valid defense.[1]See Johnson, 64 Fla. at 323, 59 So. at 895; Tunsil, 338 So.2d at 875.
Since the undisputed facts are sufficient to withstand Smith's motion to dismiss, the order of the trial court was erroneous. Accordingly, we
Reverse.
NOTES
[1] We note that the state's failure to deny Smith's allegation that the malpractice was an intervening cause of McKinnon's death did not require the trial court to grant Smith's motion. Whether the malpractice was an intervening cause of McKinnon's death is not a matter of fact capable of being admitted by the state's demurrer. Cf. State v. Horton, 442 So.2d 408, 409 n. 2 (Fla. 2d DCA 1983) (court not bound to accept conclusory allegations in defendant's motion to dismiss as true in spite of state's failure to traverse); State v. Stewart, 404 So.2d 185 (Fla. 5th DCA 1981) (where circumstances surrounding victim's death establish prima facie case against defendant, dismissal improper where state merely demurred to defendant's motion alleging facts indicating his innocence); State v. Smith, 348 So.2d 637 (Fla. 2d DCA 1977) (whether police officer was trespassing at the time he approached armed defendant was not a matter of fact which could be admitted by state's demurrer).