528 So.2d 69 (1988)
Walter BARNES, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-2795.
District Court of Appeal of Florida, Fourth District.
July 6, 1988.
Rehearing Denied July 11, 1988.
*70 Jack Gale of Phillips & Gale, P.A., Fort Pierce, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
BLOOM, PHILIP, Associate Judge.
This is an appeal from convictions of manslaughter by intoxicated motorist, manslaughter by culpable negligence, and improper passing (a civil infraction), as well as from a sentence of five years' imprisonment and suspension of driver's license for life.
The facts below concern themselves with a head-on collision, with the appellant being the driver of one of those cars, and with one of the victims in the other car having died. No useful purpose would be served in reviewing the details of the accident, and of the various accounts of it by the eyewitnesses, but some of the operative facts should be discussed. Appellant took the stand in his own behalf and admitted to drinking four or five cans of beer several hours prior to the accident. Appellant's account varied considerably from that of the other witnesses to the event and of the physical evidence. The trooper at the scene testified that, of all the participants in or about the accident, it was only the appellant who gave the appearance of drinking. A blood sample was done on appellant's blood and the analysis revealed a blood alcohol concentration of 1.7 times higher than the statutory presumption for impairment. Additionally, the crime lab chemist testified that a person with that kind of alcohol level would have his normal faculties impaired and would not be able to handle an automobile properly.
Several issues are raised in this appeal that go to the quantum of proof necessary at trial. Suffice it to say there was an abundance of evidence below to find, beyond any reasonable doubt, the following necessary elements: appellant was intoxicated while driving his vehicle; appellant was deprived of full possession of his normal faculties; a death occurred; and the death resulted from the operation of the vehicle by appellant. § 316.1931, Fla. Stat. (1985); Baker v. State, 377 So.2d 17 (Fla. 1979); Grala v. State, 414 So.2d 621 (Fla. 3d DCA 1982).
The appellant's next contention, that an alleged intervening cause of negligent medical treatment rather than his operation of the motor vehicle resulted in the victim's death, is of no avail. Appellant started the stream of events and should be held responsible for its meanderings.
In Tunsil v. State, 338 So.2d 874 (Fla. 3d DCA 1976), the court held that the alleged lack of affirmative medical treatment of the victim, whose initial injury was proximately caused by the defendant's actions, did not constitute an intervening cause relieving the defendant of criminal responsibility for the victim's death. Similarly, in State v. Smith, 496 So.2d 195, 196 (Fla. 3d DCA 1986), the court held:
The rule in Florida has long been that where an assailant inflicts a wound which is in itself dangerous to life, the supervening lack of optimal medical attention or affirmative medical malpractice is not an intervening cause of the victim's death.
While this case was sub judice, appellant's attorney brought to our attention Magaw v. State, 523 So.2d 762 (Fla. 1st DCA 1988), relating to causation, but we find that that case has no direct application to the case at bar. Based on these authorities, any alleged medical negligence will not relieve *71 appellant of his liability for the victim's death.
Appellant also contends that he was erroneously convicted two times, i.e., for DWI manslaughter and for manslaughter by culpable negligence (although he received only one sentence), where a single death occurred.
In Houser v. State, 474 So.2d 1193 (Fla. 1985), the supreme court held that only one homicide conviction and sentence may be imposed for a single death. This court, in Thomas v. State, 380 So.2d 1299 (Fla. 4th DCA 1980), also held that, when appellant's actions resulted in only one death, he could be convicted of only one crime of manslaughter. See also Jones v. State, 502 So.2d 1375 (Fla. 4th DCA 1987). But see Johnson v. State, 419 So.2d 1144 (Fla. 2d DCA 1982) (convictions upheld but only one sentence imposed for each death); Reynolds v. State, 460 So.2d 447 (Fla. 1st DCA 1984) (the defendant could be convicted and sentenced for both manslaughter by intoxication and manslaughter, even though only a single death occurred).
The latest pronouncement dealing with this situation appears to be Hoag v. State, 511 So.2d 401 (Fla. 5th DCA 1987). There, the defendant, while intoxicated and driving a motor vehicle, negligently struck a group of pedestrians, killing one and injuring four. Defendant was convicted of seven offenses, including manslaughter by driving while intoxicated and manslaughter by culpable negligence. That court held that defendant's constitutional double jeopardy rights were violated by his two convictions for statutory homicides as to but one death, citing Houser.
Based on the foregoing, we reverse and vacate appellant's conviction for manslaughter by culpable negligence, but the remainder of the judgment of conviction and sentence is affirmed.
GLICKSTEIN and STONE, JJ., concur.