POLEN, Judge.
This appeal from a judgment and conviction for manslaughter deals primarily with the admissibility of medical testimony that the treatment, or lack thereof, received by the decedent in the hospital rose to a level of culpable negligence. The law appears well settled that where the wound inflicted by the assailant is dangerous to life, mere erroneous treatment of it would not afford the defendant protection against a charge of unlawful homicide. Johnson v. State, 64 Fla. 321, 59 So. 894 (1912); Tunsil v. State, 338 So.2d 874 (Fla. 3d DCA 1976); Adams v. State, 310 So.2d 782 (Fla. 2d DCA 1975).
However, in this case the state was permitted, over objection, to question the medical examiner extensively on whether the care or lack of care received by the decedent had any bearing on his death some eight days after admission to the hospital. This was clearly made a major feature of the case by the prosecution. The defense sought to present contradictory testimony from a neurologist, Dr. Cohen, but the court sustained the state’s objection to admission of this evidence.
We are of the view that once the state opened the door to presentation of this evidence to the jury, it was error to preclude the defendant from advancing conflicting testimony. Where the state has put forward testimony showing a causal relationship between the act complained of and the death of the decedent, the defense must then come forward and present evi *459 dence, if possible, as to some other cause of death. Coachman v. State, 114 So.2d 189 (Fla. 1st DCA 1959).
We do not find any merit to appellant’s other points on appeal. We reverse the conviction herein and remand for further proceedings consistent with this opinion.
DELL and WALDEN, JJ., concur.