COWART, Judge.
The defendant’s conviction and sentence for both DUI manslaughter,[1] a second degree felony, and vehicular homicide,[2] a third degree felony, for causing a single death, violated the defendant’s constitutional double jeopardy rights[3] and constitutes fundamental error.[4] Therefore, the judgment of conviction for vehicular homicide[5] is reversed and the cause remanded for resentencing based on a corrected guidelines scoresheet.[6] We uphold the defendant’s conviction for DUI manslaughter against the defendant’s contentions on appeal relating to the admissibility and sufficiency of evidence.
AFFIRMED in part; REVERSED in part; and REMANDED.
*1294 GOSHORN, J., concurs.
COBB, J., concurs specially with opinion.

. Section 316.1931(2)(c), Florida Statutes (1985).

. Section 782.071(1), Florida Statutes.

. Houser v. State, 474 So.2d 1193 (Fla.1985); Hoag v. State, 511 So.2d 401 (Fla. 5th DCA 1987), rev. denied, 518 So.2d 1278 (Fla.1987); Vela v. State, 450 So.2d 305 (Fla. 5th DCA 1984); Barnes v. State, 528 So.2d 69 (Fla. 4th DCA 1988).

. State v. Johnson, 483 So.2d 420 (Fla.1986).

. See State v. Barton, 523 So.2d 152 (Fla.1988).

.The scoresheet upon which the defendant was sentenced scored the vehicular homicide conviction which we are reversing. The defendant's present sentence was subject to reversible error because the trial court improperly departed downward from the recommended guidelines scoresheet without providing written reasons for the departure. We note that the verbal reasons casually expressed by the trial court at the time of sentencing are insufficient.