# STATE OF FLORIDA v WILLIAMS
## Case No. CR90-7843/C
Ninth Judicial Circuit, Orange County

January 28, 1991

## APPEARANCES OF COUNSEL

**Office of the State Attorney,** for plaintiff.
**Office of the Public Defender,** for defendant.

## OPINION OF THE COURT

JAMES C. HAUSER, Circuit Judge.

This cause came before this court on defendant's Fla.R.Crim.P. 3.190(c)(4) motion to dismiss. The defendant was charged with violating Fla. Stat. 790.01 of unlawfully carrying a concealed weapon.

### STIPULATED FACTS

1. The defendant was arrested on July 24th for carrying a concealed weapon.

2. The firearm is owned by the defendant.

3. The firearm was located in the back seat of a truck owned by the defendant.

4. The firearm was found in a case approximately one foot square, which was specifically made to carry a firearm.

5. The firearm was not loaded and the magazine for the firearm was in a separate portion of the case.

6. The case was closed, but not latched or locked. Although closed, there was approximately 3 inches of space between the top and bottom of the case.

7. The firearm could not be removed without lifting the top of the case.

## STATEMENT OF LAW

Fla. Stat. 790.15(5) states in part:

". . . it is lawful and is not a violation of Fla. Stat. 790.01 to possess a concealed firearm or other weapon for self-defense or other lawful purpose within the interior of a conveyance, without a license, if the firearm or other weapon is securely encased or is otherwise not readily accessible for immediate use.

. . . This subsection shall be liberally construed in favor of the law use, ownership, and possession of firearms and other weapons, . . ."
Fla. Stat. 790.01 defines both readily accessible and securely encased as follows:

790.01(15) " 'Readily Accessible for immediate use' means that a firearm or other weapon is carried on the person or within such close proximity and in such a manner that it can be retrieved and used as easily and quickly as if carried on the person."

790.01(16) " 'Securely Encase' means in a . . . gun case, whether or not locked . . . or in a closed box or container, which requires a lid or cover to be opened for access."

## ANALYSIS

In the case at bar the weapon in question was both[1] securely encased, as defined by the statute and not readily accessible for immediate use.

[1] The court notes that by use of the word "or" the legislature intended that if either the firearm was securely encased or not readily accessible, the defendant would not violate the statute.

First the firearm was in closed box which had to be opened before the defendant could remove the gun. The fact that the box was not latched is irrelevant, since the key to being securely encased, was whether the gun box had to be opened before the gun could be removed. Thus by definition, the gun was securely encased.

Second the firearm was not loaded, so that immediate use of the firearm was not possible. Furthermore, the defendant could not obtain access to the firearm without first lifting the box and removing the weapon from the box. Thus, the firearm was not readily accessible, as defined by the statute.

It is important to note that the Florida legislature amended the statute in 1982 to add the above two definitions.

The cases cited by the state, as favorable to the state's position, was decided prior to the passage of these amendments.[2] Had the amendments applied, both *Swoveland* and *Cates* would probably have been decided in favor of the defendant.[3]

Since Fla. Stat. 790.25(5) requires that the statute be liberally construed in favor of the defendant, defendant's motion to dismiss must be granted. Even if without a liberal construction, based on the fact of this case, the court would be required to rule for the defendant. Thus, defendant's motion to dismiss is hereby granted.

Done and Ordered this 28th day of January, 1991.

---

[2] *State v Swoveland,* 413 So.2d 166 (Fla. 2d DCA 1982) *Cates v State,* 408 So.2d 797 (Fla. 2d DCA 1982); *State v Murray,* 382 So.2d 1372 (Fla. 4th DCA 1980)

[3] *State v Swoveland,* 413 So.2d 166 (Fla. 2d DCA 1982) (see footnote 1); *Cates v State,* 408 So.2d 797 (Fla. 2d DCA 1982) (which recommended that the statute be amended at page 799)