GREEN, Judge.
Clyde Edward Royster appeals the judgment adjudicating him guilty of eight *607 counts of dealing in stolen property. He also appeals his sentence of 38.85 months in state prison. Royster raises several points, one of which is dispositive. We reverse for a new trial.
Royster has owned and operated Tampa Bay Pawn, a pawn shop in Tampa, Florida, for nineteen years. Detectives with the Tampa Police Department entered into a substantial assistance agreement with Jose Rodriguez, who admittedly sold stolen property to various pawn brokers, including Royster. No other broker was arrested for these sales. Rodriguez testified that he preferred dealing with Royster because his procedures were less vigorous. One of the investigating detectives testified concerning better purchasing practices by at least one other pawn shop.
The evidence against Royster with respect to the charges was entirely circumstantial, except an investigating officer testified that Royster admitted he knew the property sold to him by Rodriguez was stolen. Royster denied the context within which this statement was made. He testified he only knew the property was stolen because he had been told this earlier by a different detective. In any event, Rodriguez made every effort to present a respectable appearance when selling stolen property to Royster and never indicated that the property was stolen.
A critical issue turned on how Royster’s conduct in documenting purchases compared to that of other pawn brokers and particularly those pawn brokers who dealt with Rodriguez. Royster’s counsel attempted to introduce computer information records that the Tampa Police Department maintained on those pawn brokers. Royster maintained that those records showed little or no difference in the record keeping of Royster’s shop and that of other shops which also had purchased stolen property from Rodriguez.
The trial judge denied introduction into evidence of those records, although her reasoning is not clear. In any event, there is no serious question concerning authenticity and we find that Royster should have been permitted to use those records, particularly in light of statements made by the state attorney during closing whereby he criticized the defense for not having produced records from other pawn shops. See Garcia v. State, 564 So.2d 124 (Fla.1990). The state attorney stated:
Without people like Royster there, people like Rodriguez don’t have someplace to pawn the stuff they steal from people’s houses. Now, I don’t mean to indict all of the pawnshops. You’ve heard a lot about all the other pawn shops in Tampa. “Everybody does it that way.” Have any evidence that everybody does it that way? No. Is there any pawn slip from any other shop that they do it that way? No. Is there any evidence that -
Royster is entitled to an adequate defense with regards to how the police informant Rodriguez dealt with other pawn shops under similar circumstances. See Hampton v. State, 542 So.2d 458 (Fla. 4th DCA 1989). We, therefore, reverse for a new trial.
Reversed.
PATTERSON, C.J., and THREADGILL, J., Concur.