# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1594

_____

JOSHEA J. GILLIAMS,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Escambia County.
Jan Shackelford, Judge.

January 22, 2019


PER CURIAM.

In this second-degree murder case, defendant Joshea J. Gilliams argues that the trial court erred in preventing him from cross-examining the medical examiner about other possible intervening causes of the victim's death. We disagree. A trial court has discretion to limit relevant evidence, including that which may be revealed in cross examination, when the "probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." Fla. Stat. § 90.403. The Florida Supreme Court long ago held:

> A defendant cannot escape the penalties for an act which in point of fact produces death, which death might

possibly have been averted by some possible mode of treatment. The true doctrine is that, where the wound is in itself dangerous to life, mere erroneous treatment of it or of the wounded man suffering from it will afford the defendant no protection against the charge of unlawful homicide.

*Johnson v. State*, 59 So. 894, 895 (Fla. 1912) (quoting *Daughdrill v. State*, 21 So. 378, 387 (Ala. 1896)). The rule has since been that where a defendant inflicts a wound that is life threatening, "supervening lack of optimal medical attention or affirmative medical malpractice is not an intervening cause of the victim's death." *State v. Smith*, 496 So. 2d 195, 196 (Fla. 3d DCA 1986) (citing *Hallman v. State*, 371 So. 2d 482 (Fla. 1979)); *see also Rose v. State*, 591 So. 2d 195, 200 (Fla. 4th DCA 1991) (on motion for rehearing, the court held that evidence of medical malpractice is irrelevant unless it can be shown to be the sole cause of death).

In Gilliams's case, the medical examiner gave testimony in deposition and at trial that the victim would have died had he not received medical attention and that the cause of death was a gunshot wound of the chest/abdomen. The trial court was within its discretion in restricting Gilliams's counsel from questioning the medical examiner on intervening causes of death because it was "not relevant to a legally recognizable defense in this case." The bullet wound was a life-threatening injury for which medical malpractice or lack of optimal medical care was not a legally valid defense under the circumstances.

AFFIRMED.

MAKAR, WINOKUR, and WINSOR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

2

Andy Thomas, Public Defender, Tallahassee, and Victor D. Holder, Assistant Public Defender, for Appellant.

Ashley Brooke Moody, Attorney General, Tallahassee, and Amanda D. Stokes, Assistant Attorney General, Tallahassee, for Appellee.