360 So.2d 70 (1978)
Barry William BRUNELLE, Appellant,
v.
STATE of Florida, Appellee.
No. 52535.
Supreme Court of Florida.
May 26, 1978.
Rehearing Denied July 24, 1978.
Charles R. Stepter, Jr. of Fishback, Davis, Dominick & Simonet, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This cause is before us on direct appeal from a final judgment of the Circuit Court of Orange County, inherently upholding the constitutionality of Section 787.02, Florida Statutes (1975). We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution. Harrell's Candy Kitchen, Inc. v. Sarasota-Manatee Airport Authority, 111 So.2d 439 (Fla. 1959).
Appellant was charged in a three count information with two counts of false imprisonment in violation of Section 787.02, Florida Statutes (1975), and one count of solicitation to commit prostitution or lewdness contrary to Section 796.07(3)(b), Florida Statutes (1975). After receiving a statement of particulars, the appellant filed three motions to dismiss directed to the information. The first motion sought dismissal on the grounds that the appellant had been illegally detained and arrested. Appellant then filed a motion to dismiss pursuant to Fla.R.Crim.P. 3.190(c)(4), alleging that there were no material disputed facts and the undisputed facts did not establish a prima facie case on any of the three counts. The final motion to dismiss filed by appellant was directed solely to the counts charging false imprisonment and alleged that Section 787.02, Florida Statutes (1975), is facially unconstitutional in that it is vague, indefinite and ambiguous. The trial court, following a hearing on the motions, entered an order denying all three motions, thus inherently upholding the constitutionality of Section 787.02, Florida Statutes (1975). The appellant thereafter pled nolo contendere to all three counts and was adjudicated guilty of each. On appeal, appellant assigns as error the trial court's denial of his motions to dismiss.
Section 787.02, Florida Statutes (1975), provides:
"(1)(a) `False imprisonment' means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his will with any purpose other than those referred to in § 787.01.

*71 "(b) Confinement of a child under the age of 13 is against his will within the meaning of this section if such confinement is without the consent of his parent or legal guardian.
"(2) Whoever commits the offense of false imprisonment shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084."
The appellant's constitutional attack is directed at the language of subsection (1)(a) of the statute and is grounded in a comparison of the wording found in that subsection with the wording of subsection 787.01(1)(a), Florida Statutes (1975), enacted simultaneously with the statute in question, wherein the Legislature defined "kidnapping" as "forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority... ." The gravamen of appellant's argument is that the kidnapping statute is clearly written in the disjunctive with the adverbs "forcibly," "secretly" and "threat" all modifying the verbs "confining," "abducting" and "imprisoning"; that the false imprisonment statute transposes the words "threat" and "secretly"; and that this verbal transposition by the same Legislature which enacted the two statutes as part of a single act has created confusion and renders the false imprisonment statute vague and ambiguous because it is not possible to determine by reading the statute whether "force" or "threat" are always necessary elements when false imprisonment is charged.
The test to be employed in determining whether a penal statute is unconstitutionally vague or ambiguous and, thus, violative of due process was recognized by this Court in State v. Wershow, 343 So.2d 605 (Fla. 1977), wherein, quoting from Brock v. Hardie, 114 Fla. 670, 154 So. 690 (1934), we opined:
"... [A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."
From an examination of Section 787.02, Florida Statutes (1975), we hold that the wording of the statute is sufficiently explicit to inform those who are subject to its provisions what conduct on their part will render them liable to its penalties. More specifically, we find that subsection (1)(a) of Section 787.02, Florida Statutes (1975), is not "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." A reading of subsection (1)(a) clearly indicates that it is written in the disjunctive with the adverbs "forcibly," "threat" and "secretly" all being intended to modify the verbs "confining," "abducting," "imprisoning" and "restraining." The appellant's contention that the transposition of "threat" and "secretly" has created an unconstitutionally vague and ambiguous statute is simply without merit.
Appellant also argues that the trial court's denial of his motions to dismiss pursuant to Fla.R.Crim.P. 3.190(c)(4) and on the grounds of illegal detention and arrest was error. We have carefully listened to oral argument, examined and considered the record in light of the briefs with the result that we find appellant's remaining allegations of error to be without merit.
Accordingly, the judgment and sentence are affirmed.
OVERTON, C.J., and BOYD, ENGLAND and SUNDBERG, JJ., concur.
HATCHETT, J., concurs in result only.