362 So.2d 1005 (1978)
Robert L. JANE, Appellant,
v.
STATE of Florida, Appellee.
No. 77-2097.
District Court of Appeal of Florida, Fourth District.
September 27, 1978.
*1006 Hugo H. DeBeaubien of Drage & DeBeaubien, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Chief Judge.
Appellant was charged in two counts with false imprisonment and battery and convicted as charged on each count. On appeal appellant contends the trial court erred in adjudicating him guilty on both counts because a) the evidence was insufficient to prove false imprisonment, b) the battery in question was a lesser included offense of false imprisonment and c) the refusal of proffered defense testimony and limiting cross examination of the complaining witness prejudiced appellant's case.
The charges arose out of a factual situation involving the custody of a young child. The victim, Alice Williams, was traversing a grocery store parking lot holding the hand of her stepdaughter, Amy. A car pulled up behind them, two men exited the car, one grabbed Amy, put her in the car and drove away. The other man turned out to be the appellant and he grabbed Alice in a bear hug. Alice struggled to get free but appellant restrained her for a short period of time and finally released her.
Regarding the charge of false imprisonment, appellant contends that the evidence was insufficient to convict him of that crime because there was no proof of restraint by threat or in a secret manner. It is appellant's view that, since the statute defining false imprisonment, Section 787.02(1)(a), Florida Statutes (1977), provides:
"`False imprisonment' means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his will with any purpose other than those referred to in § 787.01."
in order to convict the restraint must have been imposed by threat or in a secret manner. We reject appellant's contention upon authority of Brunelle v. State, 360 So.2d 70, Florida Supreme Court opinion filed May 26, 1978, wherein the court said:
"A reading of subsection (1)(a) [787.021(1)(a)] clearly indicates that it is written in the disjunctive with adverbs `forcibly,' `threat' and `secretly' all being intended to modify the verbs `confining,' `abducting,' `imprisoning' and `restraining'. The appellant's contention that the transposition of `threat' and `secretly' has created an unconstitutionally vague and ambiguous statute is simply without merit."
Thus, it now appears clear that the wording of that statute does not require that the restraint be secretly accomplished, or done by threat; it can be accomplished by force alone.
The other point we consider worthy of comment requires a reversal in part of the judgment and sentence under review. Appellant was charged with and convicted of false imprisonment and battery. Both crimes were committed in the course of the "bear hug". In wrapping his arms around Alice appellant forcibly restrained her against her will and without lawful authority; that same act constituted the battery in question. Thus, it appears that the battery in this case was a Brown category four lesser included offense of false imprisonment. Therefore, it was error to adjudicate appellant guilty of the battery count.
We have considered appellant's third point and find it to be without merit.
Accordingly, the judgment and sentence on Count I for false imprisonment is affirmed and the adjudication of guilty on Count II is reversed, and the cause is remanded with directions to vacate the adjudication of guilty on Count II.
AFFIRMED IN PART; REVERSED IN PART, with directions.
MOORE, J., and RIVKIND, LEONARD, Associate Judge, concur.