## STATE v. BRAYMAN.
### No. 78-920MM10.
County Court, Broward County.

March 27, 1979.

Andrew D. Washor, Assistant State Attorney, for the state.

Howard Finkelstein, Assistant Public Defender, for the defendant.

JOHN J. KING, County Court Judge.

On July 23, 1978 officers of the Broward Sheriff's Office were summoned to 210 N. E. 51 Street, Fort Lauderdale, in response to a domestic disturbance. Upon arrival of the police the defendant was in her kitchen fighting with other members of her family.

Pursuant to their investigations, the deputies charged the defendant Brayman with disorderly intoxication and attempted to remove her to the waiting police vehicle for transportation to the courthouse.

At that time the defendant Charleen Ann Brayman began a series of verbal comments aimed at the officers. The scatological or obscene nature of her comments are unquestioned by either the defense or the prosecution. The police in their report refer to her comments as open profanities.

These open profanities consisted of a series of short anglo-saxon verbs of provactive biological import which galvanize the personal pronoun; and other comments suggesting that the police had in the past carried Oedipus complexes into reality and had committed other forms of incest.

The record indicates that the defendant Brayman became verbally bankrupt and repeated the same phrases over and over while she walked to the squad car.

She got into the squad car with no physical resistance, although an officer did hit himself on a car door. It is not apparent whether this was the fault of the defendant or not.

We are left with only the issues of whether or not the defendant's comments constitute resisting without violence, and whether the statute, *F.S.* 843.02, is so vague and indefinite as to be unconstitutional, or is the application unconstitutional.

The statute reads as follows —

> "843.02 *Resisting officer without violence to his person.*
>
> Whoever shall obstruct or oppose any such officer, beverage enforcement agent, any member of the Florida parole and probation commission or any administrative aide or supervisor employed by said commission or any personnel or representative of the department of [criminal] law enforcement or legally authorized person, in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in section 775.082 or section 775.083."

The Florida Supreme Court has followed *Smith v. State,* 237 So. 2d 139 (Fla. 1970) for the language which purports to make a statute void for vagueness. The court had adopted the language from an earlier case, *Brock v. Hardie,* 114 Fla. 670, 154 So. 690 (Fla. 1934), the leading case in Florida for finding Florida statutes unconstitutionally vague.

The court reversed the conviction of the appellant after adopting the following language regarding vague statutes —

> ". . . a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." 154 So. at 694.

This language, which became controlling for all Florida statutes, was restated in *Connally v. Gen. Constr. Co.*, 269 U. S. 385 (1932).

In that case a suit was brought by General Construction Co. against Claude C. Connally, Commissioner of Labor of the state of Oklahoma to enjoin Connally from enforcing a particular labor statute for that state.

The U. S. Supreme Court, using the language adopted by the *Brock* court, held for the construction company, stating that based on this language the Oklahoma statute was unconstitutionally vague, thus void.

This same language has been cited in several more recent U. S. Supreme Court cases — *U. S. v. Petrillo*, 332 U. S. 1 (1947), reversing a lower court's acquittal of respondent, who was charged with violating the Commiunications Act of 1934; *Lanzetta v. New Jersey*, 306 U. S. 451 (1939), reversing a conviction of the appellant, who was convicted under a New Jersey statute which made it a penal offense to be a "gangster." In that case, the word "gangster" was found to be so indefinable so as to make the statute unconstitutionally vague.

Most recently, in *U. S. v. Culbert*, 435 U. S. 371 (1937), the U. S. Supreme Court, in citing *Connally*, avoided reading the term "racketeering" into the Hobbs Act under which the respondent was convicted, thus avoiding any constitutional difficulties which would have made this particular federal law unconstitutionally vague.

In Florida, the most recent case following the *Connally* and *Brock* language is *Brunnelle v. State*, 360 So. 2d 71 (Fla. 1978). In that case the Supreme Court of Florida, in citing the *Connally* and *Brock* language, held that the wording of Florida Statute 782.02 was sufficiently explicit to inform those who are subject to its provisions what conduct, on their part, would render them liable to its penalties and thus was not unconstitutionally vague or ambiguous.

Florida Statute 843.02 (resisting officer without violence) has also been attacked once for being unconstitutionally vague. In *Dreske v. Holt*, 536 F. 2d 105 (5th Cir. 1976), an appeal was taken from a denial of habeas corpus relief in the U. S. District Court for the Southern District of Florida at Miami. On petition for rehearing, the Court of Appeals held that the Florida statute under which defendant was convicted of resisting arrest without violence provided a person of ordinary intelligence with fair notice of prohibited conduct, and was not facially unconstitutional. In so holding, the 5th Circuit cited *U. S. v. Harriss*, 347 U. S. 612 (1954), which had cited *Connally* for the proper criteria for finding a statute unconstitutionally vague.

We therefore find that the statute is not vague enough to be unconstitutional.

The next question is whether mere speech can be resistance, or is the statute unconstitutional in its application? There has been a distinction made between mere profanity, fighting words, and protected free speech, Chaplinsky v. New Hampshire, 312 U. S. 568 (1942).

The more recent cases, as *Gooding v. Wilson*, 405 U. S. 518 (1972), take the position —

> ". . . the mere possibility that a statute will ensnare protected as well as unprotected speech may be sufficient to invalidate the statute."

Florida courts have followed *Gooding v. Wilson*, and in *Scott v. State*, 330 So.2d 220, reversed a conviction for resisting without violence because the sole violence was profanity.

I think we may also state that the "fighting words" doctrine, while it may apply to the untrained citizen, should not apply to the trained and experienced police officer.

Anyone familiar with police work, or the criminal justice system at its various levels, cannot be shocked by the language used by the miscreants; nor, for that matter, the policemen, attorneys, or judges.

For the officers offended by the language of the defendant, we can only console them by quoting Gilbert & Sullivan, *Pirates of Penzance* "Taking One consideration with another, a policeman's lot is not a happy one."

In *Brown v. State*, 358 So. 2d 18, the Florida Porfanity Statute, 847.04, was held unconstitutionally overbroad where police officers overheard profanity. The decision was that the statute could ensnare free speech.

We would conclude that when the sole resistance to the police is verbal whether obscene, profane, insulting, or vulgar, it comes within the protection of the First Amendment to the United States Constitution as fair political comment.

Any application of Section 843.02, Resisting Officer Without Violence to His Person, to mere verbal abuse or comment would be overbroad and unconstitutional. In the instant case, while the statute is constitutional, its application is unconstitutional and the case is dismissed.