386 So.2d 630 (1980)
Iris Denise WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 79-497.
District Court of Appeal of Florida, Fifth District.
August 13, 1980.
James B. Gibson, Public Defender, and Terrence M. White, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Chief Judge.
This is an appeal from a conviction of two charges: resisting an officer with violence to his person and battery on a law enforcement officer. The officer was called to a shoe store where appellant was creating a disturbance. When the policeman arrested appellant for breach of the peace, she jerked away from him. They both fell to the ground and in the ensuing melee, appellant *631 bit, kicked and scratched the officer before she was finally subdued.
Appellant urges she should not be convicted of both crimes because one is factually included in the other and each is a facet or phase of the same criminal transaction. As authority for reversal, she cites Jane v. State, 362 So.2d 1005 (Fla. 4th DCA 1978), which held under the facts of that case that battery and false imprisonment were part of the same transaction and thus Jane could not be convicted of both. In that case, the appellant embraced the victim in a bear hug and would not let her go. Because of that, he was charged with battery for hugging her and false imprisonment for not letting her go. Here, appellant is charged with resisting an officer with violence to his person and battery upon the same law enforcement officer for jerking away from him, hitting, biting, kicking and scratching him. In order for the appellant to have committed the crime of "resisting with violence," it was necessary for her to have committed a battery in this case. Thus, it was all a part of the same conduct. This is not to say in all cases a battery must occur before resisting with violence charge is warranted because the resisting statute proscribes not only the doing of violence but the offer to do violence. Sec. 843.01, Fla. Stat. (1979). However, in this case the proof is clear that appellant was not inclined to make any offers to do violence; she just attacked. As in Jane, it was not necessary for the crime of false imprisonment to include a battery, but it did, and that court reversed the battery conviction, because it was a lesser included offense under Brown v. State, 206 So.2d 377 (Fla. 1968), category 4. Here, neither crime is "lesser" because both are third degree felonies but since the battery was incidental to, and included in the resisting the officer charge, we affirm the resisting conviction and reverse the battery conviction. The converse would apply, of course, but some choice must be made.
The judgment of conviction of battery on a law enforcement officer is reversed and this case in remanded to the trial court for sentencing.
REVERSED AND REMANDED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.