CAMPBELL, Judge.
Appellant appeals his convictions and separate concurrent sentences for battery upon a law enforcement officer and resisting arrest with force against the same officer.
Appellant was arrested for driving while under the influence of intoxicating beverages. The arresting officer directed appellant to get into the police vehicle, but appellant hesitated to do so. As the arresting office attempted to get him into the vehicle, the appellant jumped out and began choking the officer to the extent that an auxiliary officer had to assist in subduing him. As a result, the state charged appellant by information with one count of battery upon a law enforcement officer and another count of “offering and doing violence” to the officer “by grabbing him by the throat and trying to choke him.”
Following a jury trial, appellant was found guilty of both counts and sentenced to concurrent sentences.
Appellant urges the impropriety of a conviction and sentence on both charges and cites in support Walker v. State, 386 So.2d 630 (Fla. 5th DCA 1980). Walker presents the same issues with which we have been presented and we agree with the result of our sister court in Walker. The court, however, made what we feel is an incorrect *145 statement of the law on lesser included offenses that we must address in deciding this case.
As was the appellant in the instant case, Walker was charged with battery upon a law enforcement officer and resisting arrest with violence. The acts constituting each charge resulted from the same conduct during the same episode. The Walker court held that a resisting charge could occur without a battery since section 843.01, Florida Statutes (1979) proscribes not only the doing of violence but also the offer to do violence. However, since in Walker there was no offer, but only an attack, which constituted both the battery and the resisting, the court held that the appellant could only be convicted and sentenced on one of the charges. We agree. However, we believe the Walker court incorrectly stated, “Here, neither crime is ‘lesser’ because both are third degree felonies.... ” Id. at 631. If it were a correct statement of the law, the court should have applied section 775.-021(4), Florida Statutes (1979) and sustained the convictions on both counts, since section 775.021(4) permits separate sentences where the same conduct constitutes a violation of two or more statutes except where one is a lesser included offense of the other.
Our disagreement with our sister court arises over whether an offense is a lesser included offense of another offense whenever lesser elements are required to prove the offense even though both offenses carry penalties of equal severity. Although we cannot determine that this exact question has been addressed by the courts of this state before, except in the quoted statement from Walker, we find that it is correctly answered in the affirmative. Other jurisdictions have clearly spoken to the issue and taken the position which we take here. State v. Habhab, 209 N.W.2d 73 (Iowa 1973); Brown v. State, 261 Ind. 169, 301 N.E.2d 189 (1973); State v. Caudillo, 124 Ariz. 410, 604 P.2d 1121 (1979).
The state argues that, even conceding that resisting may be a category four lesser included offense of battery upon a law enforcement officer, both convictions should be affirmed in this case because the evidence showed that appellant, in addition to doing violence, offered to do violence, which is not in any way a lesser included offense of battery upon a law enforcement officer. Therefore, the exception to section 775.021(4) regarding lesser included offenses would not apply, and section 775.-021(4) would permit the imposition of separate sentences on each conviction.
We agree that under the facts of this case appellant could have been charged so as to support convictions of both battery and resisting arrest by offering to do violence. The auxiliary officer testified that after the appellant was in the police vehicle and on the way to the hospital, he offered in strong language to do violence to both officers and their families. However, the state’s information is drawn in language which limits the resisting arrest charge to specific acts, i. e., “grabbing him [the officer] by the throat and trying to choke him;” therefore, the charge of resisting arrest is a category four lesser included offense of battery upon a law enforcement officer on the facts pleaded, and section 775.021(4) prohibits separate sentences for two offenses when one is a lesser included offense of the other.
Since both convictions cannot be sustained, we reverse the conviction and sentence of resisting arrest with violence, affirm the conviction of battery upon a law enforcement officer and remand for treatment consistent with this opinion.
RYDER, Acting C. J., and DANAHY, J., concur.