417 So.2d 986 (1982)
STATE of Florida, Petitioner,
v.
Arthur D. CARPENTER, Respondent.
No. 60383.
Supreme Court of Florida.
July 29, 1982.
*987 Jim Smith, Atty. Gen., and Michael A. Palecki, Asst. Atty. Gen., Tampa, for petitioner.
Jerry Hill, Public Defender, and Karla J. Staker, Asst. Public Defender, Bartow, for respondent.
ADKINS, Justice.
We have for review a decision of the District Court of Appeal, Second District, (Carpenter v. State, 394 So.2d 144 (Fla. 2d DCA 1981)), which is in express conflict with Walker v. State, 386 So.2d 630 (Fla. 5th DCA 1980). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Respondent (hereinafter referred to as defendant), was arrested for driving while under the influence of intoxicating beverages. During the course of the arrest the defendant attacked the officer. He was charged by information with one count of battery upon a law enforcement officer and another count of "offering and doing violence" to the officer "by grabbing him by the throat and trying to choke him." He was found guilty of both counts and sentenced to concurrent sentences.
On appeal, the Second District Court of Appeal took the position that an offense could be a lesser included offense of another even though they carry the same penalty. The court then held that section 775.021(4), Florida Statutes (1979), prohibited separate sentences. This statute reads as follows:
(4) Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
After the decision in Carpenter v. State, we decided this question in Ray v. State, 403 So.2d 956 (Fla. 1981), when we said:

It is also not "lesser" because both section 794.011(5) and section 800.04 are second-degree felonies. Thus, Ray was convicted of a crime for which he was not charged and which was not a permissible lesser included offense of the crime for which he was charged.
Id. at 959 (emphasis supplied).
Whereas here two crimes carry the same penalty, section 775.021(4) does not prohibit consecutive sentencing, since one crime is not the lesser of the other. It remains the court's function, however, to determine if the crimes are the same. If they are, double jeopardy would prohibit the imposition of multiple punishments. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
A single transaction can give rise to distinct offenses under separate statutes without violating the double jeopardy clause of the fifth amendment. Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). In determining *988 whether separate punishment can be imposed, Blockburger requires that courts examine the offense to ascertain whether each offense requires proof of a fact which the other does not. If each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes. See Iannelli v. United States, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975). In Albernaz v. United States the Court recognized that the power to define criminal offenses and to prescribe punishments to be imposed upon those found guilty of them rests wholly with the legislative branch.
While resisting arrest with violence and battery on a law enforcement officer are similar offenses, and while they usually happen in conjunction with one another, one does not necessarily involve the other. Under section 843.01, Florida Statutes (1979), one could obstruct or oppose a law enforcement officer by threatening violence and still at the same time not be committing a battery on the law enforcement officer as proscribed in section 784.07, Florida Statutes (1979). In applying the Blockburger test the courts look only to the statutory elements of each offense and not to the actual evidence to be presented at trial or the facts as alleged in a particular information. See Whalen v. United States, 445 U.S. 684, 685 n. 8, 100 S.Ct. 1432, 1439 n. 8, 63 L.Ed.2d 715 (1980).
The decision of the district court of appeal is quashed and the cause is remanded with instructions to affirm the convictions and sentences.
ALDERMAN, C.J., and BOYD, OVERTON, SUNDBERG and McDONALD, JJ., concur.