BOARDMAN, Judge.
Appellant Lyle Joseph Parks contends that possession of cannabis[1] under Section 893.13(l)(e),[2] Florida Statutes (1981), is not a lesser included offense of possession with intent to sell or deliver under Section 893.-13(l)(a)2.[3] Thus, according to appellant, the trial court erred in convicting him of simple possession when he was charged with possession with intent to sell or deliver. We agree and reverse.
Appellant was arrested as a result of a “reverse sting” drug sale operation after he and a companion purchased thirty-eight pounds of marijuana from an undercover narcotics investigator. He was subsequently charged with possession with intent to sell or deliver.
During appellant’s ensuing jury trial, the state requested an instruction on simple possession as a “necessarily lesser included offense” of the crime charged. Defense counsel initially opposed this instruction on the basis that both crimes were equal penalty third degree felonies, and that possession thus was not a lesser offense than another crime carrying the same punishment. Counsel later capitulated to the state’s request, however, stating that he was unable to argue with the supreme court’s approved schedule of lesser included offenses, which listed possession as a category one lesser included offense of possession with intent to sell or deliver.[4] The trial court gave the requested instruction, and the jury found appellant guilty of simple possession.[5]
On appeal, appellant directs this court’s attention to the supreme court’s decisions in State v. Carpenter, 417 So.2d 986 (Fla.1982), and Ray v. State, 403 So.2d 956 (Fla.1981), which we find dispositive of the issues raised.
*792 In Carpenter, the supreme court disagreed with the contention that an equal penalty offense could be a lesser included offense of the crime charged. The supreme court held that the lesser included offense exception to separate sentencing under section 775.021(4) was inapplicable where two crimes carry the same penalty “since one crime is not the lesser of the other.” 417 So.2d at 987. This statement, coupled with similar language in Ray, 'supports appellant’s assertion that a crime carrying a penalty of equal severity to that for the offense charged cannot be a lesser included offense of the original charge.
Under the present statutory scheme, possession of cannabis and possession of cannabis with intent to sell or deliver are both third degree felonies, carrying maximum sentences of five years imprisonment. In light of these coterminous penalties and the Carpenter and Ray decisions, we are compelled to conclude that possession of cannabis cannot be a lesser included offense of possession of cannabis with intent to sell or deliver, notwithstanding the basic logic of such a correlation.[6] Thus, like the supreme court in Ray, we reverse appellant’s conviction of a crime for which he was not charged which is not a lesser included offense of the charged offense.[7]
We need not address the sufficiency or possible waiver of defense counsel’s objection to the erroneous instruction at trial inasmuch as the limitations imposed upon the fundamental error doctrine in Ray are not present in the instant case. Furthermore, we need not address appellant’s entrapment argument.
Accordingly, appellant’s judgment and sentence are REVERSED and the cause REMANDED with directions to discharge appellant.
OTT, C.J., and LEHAN, J., concur.

. A controlled substance described in Section 893.03(l)(c)3, Florida Statutes (1981).

. Section 893.13(l)(e), Florida Statutes (1981) provides:
It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice or to be in actual or constructive possession of a controlled substance except as otherwise authorized by this chapter. Any person who violates this provision is guilty of a felony of the third degree ....

. Section 893.13(l)(a)2, Florida Statutes (1981) provides:
(l)(a) Except as authorized by this chapter and chapter 500, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance. Any person who violates this provision with respect to:
2. A controlled substance named or described in s. 893.03(l)(c), (2)(c), (3), or (4) is guilty of a felony of the third degree....

. See In re Florida Standard Jury Instruction in Criminal Cases, 431 So.2d 594 (Fla.1981).

. The judgment erroneously identified possession as a violation of section 893.13(l)(a)2. It is clear, however, that the jury found appellant guilty of violating section 893.13(l)(e).

. The first district reached the same conclusion in Anderson v. State, Nos. AO-281 and AO-282 (Fla. 1st DCA July 18, 1983), n. 3.

. While it is not our prerogative to question the legislature’s choice of sanctions with respect to possession of cannabis and possession of cannabis with intent to sell or deliver, we cannot help but note that a cognizable distinction exists between these crimes which is not reflected . in their respective penalties. The state can achieve the same result by charging and proving a violation of section 893.13(l)(e) as by charging and proving a violation of section 893.13(l)(a)2, without undertaking the burden of establishing the offender’s intent to market his contraband. Yet an individual possessing a large quantity of cannabis with the almost certain intent of distributing it poses a greater threat to society than does his counterpart who possesses slightly more than 20 grams, the minimum amount required for prosecution under section 893.13(l)(e). See section 893.-13(l)(f).