485 So.2d 414 (1986)
STATE of Florida, Petitioner,
v.
Keith HENRIQUEZ, Respondent.
No. 66782.
Supreme Court of Florida.
March 27, 1986.
Jim Smith, Atty. Gen. and Lee Rosenthal, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Ellen Morris and Barry A. Weinstein, Asst. Public Defenders, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
EHRLICH, Justice.
This case is before us on petition to review a decision of the Fourth District Court of Appeal, Henriquez v. State, 463 So.2d 1178 (Fla. 4th DCA 1984), which conflicts with a decision of this Court, State v. Carpenter, 417 So.2d 986 (Fla. 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
In this case we are presented, as we were in Carpenter, with the question of whether resisting an officer with violence, section 843.01, Florida Statutes (1983), is a lesser included offense of battery on a law enforcement officer, section 784.07, Florida Statutes (1983), and again we reach the conclusion that it is not.[1]
The incident which led to the convictions in question occurred when two police officers responded to a call at Henriquez's home. After the officers arrived and *415 found no one home, they saw Henriquez approaching, driving in a questionable manner with his lights off. Once the car had come to a stop in the driveway, one of the officers approached Henriquez and asked him for his driver's license. Henriquez told the officer that he didn't have it and then pushed the officer up against the car and ran towards the house. Ordering Henriquez to stop, the officer pursued him, catching him outside the house where a struggle ensued. The officer was dragged into the house where the struggle continued, until the other officer was able to subdue Henriquez and place him under arrest.
Henriquez was charged by information with 1) battery on a law enforcement officer, 2) resisting arrest with violence, 3) failure to exhibit a driver's license, and 4) reckless driving. A jury found Henriquez guilty of all four counts. Henriquez appealed the convictions, arguing, among other things, that both the convictions of battery and resisting an officer could not stand since one was a lesser included offense of the other. The district court agreed, reversing the conviction of resisting an officer with violence and affirming the other three convictions.
In reaching its conclusion that resisting an officer with violence is a lesser included offense of battery on a law enforcement officer, the district court reasoned "[a]ll the elements contained in section 843.01 must be proved, along with more, in order to sustain a conviction under section 784.07." Henriquez, 463 So.2d at 1180. This conclusion is clearly at odds with this Court's opinion in Carpenter.[2]
In Carpenter[3] we recognized that offenses are separate, allowing for conviction and punishment for each, if a comparison of the statutory elements, without regard to the facts as alleged in the information or as adduced at trial, reveals that each offense requires proof of an element that the other does not. Carpenter, 417 So.2d at 988; § 775.021(4), Fla. Stat. (1983). In other words, offenses are not the same if one is not necessarily committed during the commission of the other. See Rotenberry v. State, 468 So.2d 971, 976-77 (Fla. 1985).
The elements of resisting an officer with violence are 1) knowingly 2) resisting, obstructing or opposing a law enforcement officer 3) in the lawful execution of any legal duty 4) by offering or doing violence to his person. § 843.01, Fla. Stat. (1983). The elements of battery on a law enforcement officer are 1) knowingly 2) actually 3) intentionally 4) touching or striking 5) against the will 6) of a law enforcement officer 7) engaged in the lawful performance of his duties. §§ 784.03 and 784.07, Fla. Stat. (1983). In Carpenter after comparing the statutory elements of each offense, we concluded that
[w]hile resisting arrest with violence and battery on a law enforcement officer are similar offenses, and while they usually happen in conjunction with one another, one does not necessarily involve the other. Under section 843.01, Florida Statutes (1979), one could obstruct or oppose a law enforcement officer by threatening violence and still at the same time not be committing a battery on the law enforcement officer as proscribed in section 784.07, Florida Statutes (1979).[4]
417 So.2d at 988. Likewise, as the First District Court of Appeal recently observed, "the placement of an unwanted hand on an officer's arm qualifies as a battery, although no resistance or obstruction occurs." Larkins v. State, 476 So.2d 1383, 1384 (Fla. 1st DCA 1985). Therefore, we again conclude that these are separate offenses. Where, based on their statutory elements, offenses are separate and distinct, *416 the intent of the legislature clearly is to provide for separate convictions and punishments. State v. Baker, 452 So.2d 927, 929 (Fla. 1984); § 775.021(4), Fla. Stat. (1983).
Accordingly, we quash that portion of the district court's decision reversing the conviction for resisting an officer with violence and remand the cause with instructions to reinstate that conviction.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, SHAW and BARKETT, JJ., concur.
ADKINS, J., concurs in result only.
NOTES
[1] As we pointed out in Carpenter, since both of these offenses are third degree felonies, one cannot be the lesser included offense of the other. However, in that case we proceeded to compare the statutory elements of each to determine whether the offenses were the "same." Carpenter, 417 So.2d at 987.
[2] For some unexplained reason, the district court failed to distinguish or even cite this clearly controlling case.
[3] The acts leading to the convictions in Carpenter are indistinguishable from those of the instant case. In Carpenter the defendant attacked a police officer during the course of an arrest. He was then convicted under both section 843.01 and section 784.07, Florida Statutes (1979).
[4] The statutory elements of each offense have not been amended since 1979.