THREADGILL, Judge.
Samuel Andrew Pettit appeals his convictions and sentences for obstructing an officer, battery on a law enforcement officer, and carrying a concealed weapon. The court declared Pettit to be a habitual offender pursuant to section 775.084, Florida Statutes (1985) and sentenced him above the recommended guidelines range. The court did not give any additional reasons for departing from the guidelines. We affirm Pettit’s separate convictions but remand for resentencing.
Pettit claims that the trial court erred in convicting and sentencing him for battery on a police officer and obstructing an officer with violence because the battery occurred during the obstruction offense and was thus the means used to oppose the police officer. We have reviewed the transcript of the trial and find that Pettit hit uniformed Officer Petramala in the face when he was asked to leave a bar. In the course of his subsequent arrest for that offense, he opposed both Officers Petrama-la and Swafford by fighting with them.
This issue has been decided adverse to Pettit’s contention in Carawan v. State, 515 So.2d 161 (Fla.1987) and State v. Capenter, 417 So.2d 986 (Fla.1982). We therefore affirm the separate convictions for battery of a law enforcement officer and obstructing an officer with violence and approve separate sentences for each offense in this case pursuant to section 775.021(4), Florida Statutes (1985).
After sentence was imposed in this case the Florida Supreme court held, in Whitehead v. State, 498 So.2d 863 (Fla. 1986), that the habitual offender statute is not a valid reason for sentencing above the recommended guidelines range. Accordingly, we affirm the separate convictions, but remand for resentencing within the guidelines recommended range.
Remanded for resentencing.
SCHEB, A.C.J., and RYDER, J., concur.