665 So.2d 382 (1996)
Winston NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0218.
District Court of Appeal of Florida, Fourth District.
January 3, 1996.
*383 Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant Winston Nelson challenges his conviction for battery upon a law enforcement officer and resisting arrest with violence. As to appellant's conviction for battery upon a law enforcement officer, he asserts that the trial court erred in denying a jury instruction on simple battery. We agree. Under the rules of criminal procedure, the trial judge has no discretion whether to instruct the jury on a necessarily lesser-included offense, regardless of degree of proof supporting the conviction for the greater offense. See State v. Wimberly, 498 So.2d 929 (Fla. 1986). Accordingly, because it is well settled in this state that the denial of such a right constitutes per se reversible error, we must reverse and remand for a new trial as to the battery upon a law enforcement officer.
As to appellant's conviction for resisting arrest with violence, appellant raises the issue of whether the trial court erred in adjudicating appellant guilty of both battery on a law enforcement officer and resisting arrest with violence based on double jeopardy grounds. Battery on a law enforcement officer and resisting arrest with violence are separate offenses. State v. Henriquez, 485 So.2d 414 (Fla. 1986). While these offenses are similar in nature and usually happen in conjunction with one another, based on their statutory elements they are separate and distinct. See State v. Carpenter, 417 So.2d 986 (Fla. 1982). Hence, the intent of the legislature is to provide for separate convictions and punishments. State v. Baker, 452 So.2d 927 (Fla. 1984). Accordingly, we affirm appellant's conviction of resisting arrest with violence, but remand for resentencing based on the revised scoresheet which may result from our decision as to appellant's conviction for battery upon a law enforcement officer.
GLICKSTEIN and KLEIN, JJ., and ANGELOS, CYNTHIA G., Associate Judge, concur.