801 So.2d 1012 (2001)
Christopher GOODMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-46.
District Court of Appeal of Florida, Fourth District.
December 19, 2001.
*1013 Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez Orosa, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, C.J.
Christopher Goodman appeals his convictions for resisting arrest with violence and resisting arrest without violence. We affirm the resisting with violence conviction, but reverse the resisting arrest without violence conviction on double jeopardy grounds.
Goodman contends the trial court committed reversible error in failing to sustain his objection made during the State's closing argument, and seeks a new trial. We disagree, and thus decline his request to grant a new trial. The control of counsel's comments made in closing arguments falls within the discretion of the trial court, and rulings should not be disturbed on appeal absent an abuse of discretion. Durocher v. State, 596 So.2d 997 (Fla.1992); see also Moore v. State, 701 So.2d 545 (Fla.1997) (noting generally wide latitude is permitted during closing arguments).
At trial, the State's entire case consisted of the testimony of the arresting officer/alleged victim, Detective Andrew Pallin. Detective Pallin testified that he first noted Goodman when the vehicle he was driving ran a stop sign. Pallin ran a record check on the vehicle, which turned out to be stolen. Immediately thereafter, Goodman pulled into a parking lot where he exited the vehicle. Pallin proceeded to exit his marked vehicle, whereby he attempted to contact and detain Goodman. Goodman immediately took flight, and Pallin pursued.
Pallin chased Goodman to a fence which he attempted to climb over. Pallin grabbed him in an attempt to take him to the ground. Goodman grabbed a hold of Pallin, causing both of them to fall down together into a pile of shrubs. While on the ground, Goodman began striking him with his elbows in a backwards motion. Eventually, Pallin was able to gain control of Goodman and hold him to his chest. Soon thereafter, Pallin's partner arrived and assisted in handcuffing Goodman.
On cross-examination, Goodman's counsel attempted at length to point out alleged inconsistencies between Pallin's in-court testimony and a prior deposition. Pallin held fast to his story, at one point stating *1014 that counsel had been trying to "put words in [his] mouth." After Pallin's testimony, the State rested. Goodman did not present any evidence.
Goodman's counsel argued first in closing, where he continued to argue that Pallin's testimony had been "unclear," insinuating at times that the detective's memory was faded and skewed. In its closing argument, the prosecutor focused on reiterating Pallin's testimony:
And ask yourself where was the confusion in the testimony.... And rely on your own recollection. Don't take my word for it. Take the Detective's words. The words that were not clear, was what Mr. Sale (defense counsel) was trying to put in his mouth.
Goodman objected, on the grounds that the last comment constituted improper argument. The objection was overruled.
We agree with the trial court's ruling and find the single objected-to comment did not constitute improper argument. See DeJesus v. State, 684 So.2d 875, 876 (Fla. 3d DCA 1996)(finding no error where prosecutor argued defense was "attacking the credibility of witnesses, because they don't have the facts, and they don't have the law"); cf. Barnes v. State, 743 So.2d 1105, 1106 (Fla. 4th DCA 1999) (holding prosecutor improperly personally attacked defense counsel where he referred to testimony of former defense counsel as "the mercenary actions of a hired gun"). We note the prosecutor stated the jury should rely on its own recollection of Detective Pallin's testimony, and in no way indulged in improperly bolstering his testimony. See Reyes v. State, 700 So.2d 458, 461 (Fla. 4th DCA 1997) (finding no improper bolstering where prosecutor asked the jury to evaluate the witness' credibility, and told the jurors to ask themselves what motive the officer would have to deceive them); see also Bertolotti v. State, 476 So.2d 130 (Fla.1985) (noting the proper exercise of closing argument is to review the evidence and to explicate the inferences which may reasonably be drawn from the evidence); cf. Williams v. State, 673 So.2d 974 (Fla. 1st DCA 1996) (holding prosecutor's closing remarks were erroneous where they clearly were calculated to impress upon the jury that it must believe the police officers because they were police officers).
We find the trial court did not abuse its discretion in failing to sustain Goodman's objection, and accordingly affirm his conviction for resisting arrest with violence.
We further hold that a defendant cannot be convicted for both resisting arrest with violence and resisting arrest without violence arising out of a continuous single episode. Preston v. State, 785 So.2d 713 (Fla. 4th DCA 2001) (violates double jeopardy). We therefore remand to the circuit court, with directions to vacate Goodman's conviction for resisting arrest without violence.
KLEIN and SHAHOOD, JJ., concur.