WOLF, J.
Appellant, C.A.T., challenges his conviction for battery on a law enforcement officer, arguing that the trial court erred in finding him guilty of battery on a law enforcement officer when he was charged with resisting arrest with violence. We agree.
An adjudicatory hearing was held on December 19, 2001, at which deputies Scott Allday and Mark Jackson testified. Deputy Allday testified that he had issued a trespass warning to the appellant to stay away from an apartment complex; Deputy Jackson testified that in October 2001 he saw appellant walking through the apartment complex, and when he reached out, appellant slapped his hand away and ran off. Based upon the trial court’s finding that the act of slapping the officer’s hand away “didn’t sound terribly violent,” the court found the appellant “guilty of battery on a law enforcement officer as opposed to resisting an officer with violence.”
The State filed a motion for rehearing, alleging that the finding of guilt of battery on a law enforcement officer was contrary to the law because it was a separate offense from resisting arrest with violence and the petition did not allege the elements of battery on a law enforcement officer. In denying the State’s motion for rehearing, the trial court stated that “should an appeals’ court find that ... I am incorrect on that and the battery on the law enforcement officer finding cannot be sustained, the finding should be resisting an officer without violence.”
Battery on a law enforcement officer is not a lesser included offense of *436 resisting arrest with violence. The trial court thus erred in finding appellant guilty of battery on a law enforcement officer. See State v. Henriquez, 485 So.2d 414 (Fla.1986). It is apparent from this record, however, that the court found the State had proven all the elements of the charged crime except for the required element of violence. We, therefore, reverse the conviction and remand for entry of conviction for the lesser included offense of resisting arrest without violence. See I.T. v. State, 694 So.2d 720 (Fla.1997).
VAN NORTWICK and POLSTON, JJ., concur.