852 So.2d 898 (2003)
Eugenia AUSTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2844.
District Court of Appeal of Florida, Fifth District.
August 8, 2003.
James B. Gibson, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant *899 Attorney General, Daytona Beach, for Appellee.
MONACO, J.
Eugenia Austin appeals from a judgment and sentence reflecting her conviction of, among other offenses, aggravated battery with a deadly weapon on a law enforcement officer, and resisting arrest with violence. She was adjudged guilty of both counts and sentenced concurrently to a lengthy prison term. She asserts on appeal that because both crimes involved a single incident with the same victim, her constitutional right to be free from double jeopardy was violated. Our review of § 775.021(4)(a), Fla. Stat. (2001), and the case law associated with the concept of double jeopardy convince us that Austin was properly adjudicated and sentenced, and therefore, we affirm.
The incident giving rise to this appeal occurred at a shopping mall. Officer Marie Verret[1] responded to a call involving shoplifting at the Belz Factory Outlet Mall. She was given a description of the suspected shoplifters and of the car they were driving. After Officer Verret spotted the car in the mall parking area, she walked up to the vehicle and knocked on the window, identifying herself as a police officer. The driver, Austin, opened the car door and Officer Verret asked her to turn the vehicle off. Austin complied. Austin then opened the door to her vehicle and inquired about the reason she was being detained.
Officer Verret, who was standing between the door of the vehicle and the vehicle itself, directed Austin to remove her hand from the keys. When Austin failed to do so, Officer Verret drew her handgun, telling Austin not to move. Austin, however, restarted the vehicle, put the car in reverse, and began driving backwards. Officer Verret tried to run with the vehicle to keep from getting knocked down, but the car door struck her, knocking her to the ground. Officer Verret was yelling at Austin to stop the car during this entire episode.
Officer Jesse Day of the Orlando Police Department later spoke to Austin at the police station after Austin was apprehended. Austin admitted to Officer Day that she had been shoplifting, and admitted that because she was fearful of going to prison, she backed over Officer Verret. Austin confirmed at trial that she, indeed, had been shoplifting on the day in question, and admitted that her hand was, in fact, on the car key.
The double jeopardy clauses[2] in the state and federal constitutions protect criminal defendants from multiple convictions and punishments for the same offense. Discussions concerning the double jeopardy implications of convictions and punishments for crimes growing out of a single event or transaction generally begin with Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In determining whether separate punishment can be imposed, Blockburger requires courts to examine the offenses to ascertain whether each offense requires proof of a fact that the other does not. See State v. Carpenter, 417 So.2d 986 (Fla. 1982). If each offense contains an element that the other does not, Blockburger is satisfied, even though a substantial overlap in proof is used to establish the crimes. *900 See Iannelli v. United States, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975).
The Blockburger same-elements test, along with guidance from the legislature concerning its legislative intent to authorize separate punishments for multiple crimes arising out of the same episode, is codified in § 775.021(4), Fla. Stat. (2001), which reads as follows:
(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Blockburger, as codified, is relatively straight-forward. The application of the second exception, however, has become more complicated as it has been fleshed out. In Sirmons v. State, 634 So.2d 153 (Fla.1994), the supreme court held that convictions for grand theft of an automobile and robbery with a weapon ran afoul of double jeopardy because these crimes were "aggravated forms of the same underlying offense distinguished only by degree factors." Id. at 154. In his concurrence, Justice Kogan said the second exception prohibited multiple convictions for certain "core offenses." Id. at 155-56. See also Goodwin v. State, 634 So.2d 157 (Fla.1994); State v. Anderson, 695 So.2d 309 (Fla.1997).
In Gordon v. State, 780 So.2d 17 (Fla.2001), the supreme court advised that its construction of the second exception required a two-step analysis. First, the court must determine whether the crimes constitute separate offenses under Blockburger, as codified in § 775.021(4)(a). If they do, the court must next examine whether the crimes are "degree variants" or aggravated forms of the same core offense. Given those marching orders, we now turn our attention to the crimes of which Austin was convicted.
In our examination of whether aggravated battery with a deadly weapon on a law enforcement officer and resisting arrest with violence meet the Blockburger same elements test, we are benefitted by the supreme court's decisions in State v. Henriquez, 485 So.2d 414 (Fla.1986), and Carpenter. In both cases the high court concluded that the offenses of resisting arrest with violence and battery on a law enforcement officer are separate and distinct offenses, based on their statutory elements, even though they frequently occur in conjunction with each other.[3] The court *901 pointed out that one could obstruct or oppose a law enforcement officer by threatening or offering to do violence to the officer, and still not commit a battery on that officer. Similarly, one could batter an officer by placing an unwanted hand on the officer's arm, or simply by striking the officer without necessarily resisting or obstructing the officer. Compare § 784.07(2)(d) and § 843.01, Fla. Stat. (2001).
Having determined that Blockburger is initially satisfied, we next examine the statutory exceptions, and conclude that only the second exceptionwhether the offenses are degrees of the same offense has possible application.[4] A cursory examination of § 784.07(2)(d) (aggravated battery of a law enforcement officer), and § 843.01 (resisting an officer with violence), reflects that the two offenses are not on their face degrees of the same offense. We must now examine whether the crimes are "degree variants" or aggravated forms of the same core offense.
Following the format laid out in Gordon, we look to the evil which each statute was intended to prevent. Aggravated battery seeks to prevent the serious injury of another, in this instance, of a law enforcement officer. See Gordon, 780 So.2d at 23. Resisting an officer with violence, on the other hand, aims to avoid the violent obstruction of the lawful execution of a legal duty by authorized officers. See § 843.01, Fla. Stat. (2001). As the two offenses grow out of different core crimes, they cannot be "degree variants" or aggravated forms of the same core offense. Accordingly, the adjudication and punishment for each separate offense was validly imposed and does not violate the double jeopardy provisions of either the state or federal constitutions.
AFFIRMED.
SAWAYA, C.J., and ORFINGER, J., concur.
NOTES
[1] Officer Verret is with the Orlando Police Department and works as a plainclothes detective. Because she was working a side job off duty, however, she was wearing her full police uniform on the day in question.
[2] Article I, section 9, Florida Constitution; U.S. Const., amend. V.
[3] We are aware of Casselman v. State, 761 So.2d 482 (Fla. 5th DCA 2000). In that case, however, there were two distinct episodes of criminal activity, and our comments related to a single episode of battery and resisting arrest were dicta and not central to the decision. In Swilley v. State, 845 So.2d 930 (Fla. 5th DCA 2003), on the other hand, we concluded that convictions for aggravated assault and resisting an officer with violence growing out of a single episode are not barred by double jeopardy.
[4] Battery on a law enforcement officer is not a lesser included offense of resisting arrest with violence. See C.A.T. v. State, 828 So.2d 435 (Fla. 1st DCA 2002).