912 So.2d 5 (2005)
Jamie BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3456.
District Court of Appeal of Florida, Fourth District.
March 9, 2005.
*6 Jamie Bell, Florida City, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Jamie Bell appeals a trial court order which summarily denied his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without discussion the summary denial of his claims one and three, but reverse and remand on claims two, four and five.
In claim two, Bell alleged ineffective assistance of his trial counsel for failure to call his sister, Felicia Bell, to testify in his defense. Appellant alleged that he told counsel where to contact his sister, but he did not specifically allege that she was available to testify at his trial. The trial court erred in summarily denying this otherwise legally sufficient claim, as it should have been denied with leave to amend to supply this required allegation. See Nelson v. State, 875 So.2d 579 (Fla. 2004).
In claim four, Bell alleged that his habitual felony offender sentences were illegal because the State relied on prior sentences entered on the same date and in the same proceeding, in violation of the law requiring sequential convictions. Appellant alleged that he was convicted and sentenced for armed robbery in the same proceeding as his separate conviction and sentence for violation of probation for aggravated battery on a pregnant woman. He alleged that he was sentenced on these two prior offenses in the same day and in the same proceeding, such that they could not be properly considered as two separate prior sentences for purposes of habitual felony offender sentencing. See Richardson v. State, 884 So.2d 950 (Fla. 4th DCA 2003) certifying conflict with McCall v. State, 862 So.2d 807 (Fla. 2d DCA 2003) (holding that imposition of probation qualifies as a sentence for purposes of the habitual felony offender statute's requirement of sequential convictions). We also certify conflict with the fifth district's Love v. State, 886 So.2d 276 (Fla. 5th DCA 2004) and the third district's State v. Del Castillo, 890 So.2d 376 (Fla. 3d DCA 2004). See also Petruny v. State, 884 So.2d 312 (Fla. 4th DCA 2004). We find that the trial court erred in summarily denying relief on this claim. On remand, the state may introduce evidence of other qualifying convictions which would allow for a habitual felony offender sentence, should any exist. See Puskac v. State, 872 So.2d 1008 (Fla. 4th DCA 2004).
Finally, on claim five, appellant alleged that his convictions for resisting arrest with violence and resisting arrest without violence violated double jeopardy, and that his convictions for resisting arrest with violence and battery on a law enforcement officer violated double jeopardy as well. Battery on a law enforcement officer and resisting arrest with violence are separate offenses. State v. Henriquez, 485 So.2d 414 (Fla.1986); Nelson v. State, 665 So.2d 382 (Fla. 4th DCA 1996). This refutes half of appellant's double jeopardy challenge, leaving the claim as to his separate convictions for resisting arrest with violence and resisting arrest without violence. Appellant's challenge on this claim was colorable. See Goodman v. State, 801 So.2d 1012 (Fla. 4th DCA 2001)(holding that defendant could not be convicted of both resisting arrest with violence and resisting arrest without violence arising out of continuous single episode involving the defendant's attempt to avoid one arresting officer, and thus reversal of conviction of *7 resisting arrest without violence was required). The State has argued in the trial court and here that those counts were for conduct separate and distinct from one another, but the trial court did not attach any portions of the record demonstrating this, so as to refute appellant's claims on this point. Therefore, we reverse and remand the trial court's summary denial on this claim, for either an evidentiary hearing or record attachments refuting the claim.
Consequently, we affirm the trial court's summary denial of claims one and three, but reverse the trial court's summary denial of claims two, four and five, and remand for attachment of portions of the record refuting those claims, for an evidentiary hearing or for further proceedings as otherwise stated herein.
KLEIN, TAYLOR and MAY, JJ., concur.