PER CURIAM.
We vacate our opinion filed March 9, 2005, which has been quashed by the Florida Supreme Court based on State v. Richardson, 915 So.2d 86 (Fla.2005), and replace it with the following opinion.
Jamie Bell appeals a trial court order which summarily denied his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the summary denial of his claims one and three, reverse on claims two and five, and affirm claim four.
In claim two, Bell alleged ineffective assistance of his trial counsel for failure to call his sister, Felicia Bell, to testify in his defense. Appellant alleged that he told counsel where to contact his sister, but he did not specifically allege that she was available to testify at his trial. The trial court erred in summarily denying this otherwise legally sufficient claim, as it should have been denied with leave to amend to supply this required allegation. See Nelson v. State, 875 So.2d 579 (Fla.2004).
In claim four, Bell alleged that his habitual felony offender sentences were illegal under Richardson v. State, 884 So.2d 950 (Fla. 4th DCA 2003); however, Richardson was quashed in State v. Richardson, 915 So.2d 86 (Fla.2005). The trial court did not err in denying relief on this claim.
Finally, on claim five, appellant alleged that his convictions for resisting arrest with violence and resisting arrest without violence violated double jeopardy, and that his convictions for resisting arrest with violence and battery on a law enforcement officer violated double jeopardy as well. Battery on a law enforcement officer and resisting arrest with violence are separate offenses. State v. Henriquez, 485 *1288 So.2d 414 (Fla.1986); Nelson v. State, 665 So.2d 382 (Fla. 4th DCA 1996). This refutes half of appellant’s double jeopardy challenge, leaving the claim as to his separate convictions for resisting arrest with violence and resisting arrest without violence. Appellant’s challenge on this claim was colorable. See Goodman v. State, 801 So.2d 1012 (Fla. 4th DCA 2001)(holding that defendant could not be convicted of both resisting arrest with violence and resisting arrest without violence arising out of continuous single episode involving the defendant’s attempt to avoid one arresting officer, and thus reversal of conviction of resisting arrest without violence was required). The State has argued in the trial court and here that those counts were for conduct separate and distinct from one another, but the trial court did not attach any portions of the record demonstrating this, so as to refute appellant’s claims on this point. Therefore, we reverse and remand the trial court’s summary denial on this claim, for either an evidentiary hearing or record attachments refuting the claim.
Consequently, we affirm the trial court’s summary denial of claims one, three and four, but reverse the trial court’s summary denial of claims two and five, and remand for an evidentiary hearing or for further proceedings as otherwise stated herein.
KLEIN, TAYLOR and MAY, JJ., concur.