22 So.3d 850 (2009)
D.A.R., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D09-393.
District Court of Appeal of Florida, Fourth District.
December 2, 2009.
*851 Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
DAMOORGIAN, J.
The appellant, D.A.R., a child, appeals his Adjudication of Delinquency and Disposition. He was charged by way of a juvenile petition with resisting an officer without violence (Count I), battery on a police officer (Count II), resisting an officer with violence (Count III), possession of marijuana less than twenty grams (Count IV), and giving a false name upon being arrested or detained (Count V). The appellant argues, and the State concedes, that his adjudications of delinquency for resisting an officer with violence and resisting an officer without violence arose out of a single continuous episode and, therefore, violate double jeopardy. See Goodman v. State, 801 So.2d 1012, 1014 (Fla. 4th DCA 2001). We agree and reverse his adjudication for resisting an officer without violence and remand with directions to vacate this adjudication.
At trial, Deputy Joseph Piatchek testified that he made a traffic stop on a vehicle with darkly-tinted windows. Once the vehicle stopped, Piatchek got out of his patrol car and saw the appellant exit the vehicle. Piatchek told the appellant to get back into the vehicle, but the appellant ignored the command and took off running. During the chase, Piatchek ordered the appellant to stop running, but the appellant continued to run until he reached a fence. The appellant tried to hop over the fence, but Piatchek grabbed him and pulled him off. As he was pulled off the fence, the appellant spun around to try to get away and pushed Piatchek in the shoulder, knocking him off balance. The appellant began to run again, but fell down. Piatchek ultimately apprehended the appellant and took him into custody. At trial, defense counsel argued that the appellant could not be adjudicated delinquent for both resisting arrest with violence and resisting arrest without violence. The State disagreed, arguing that the charges arose from separate facts. The trial court agreed with the State.
This case is directly analogous to Goodman, 801 So.2d 1012. There, the defendant fled from a police officer after the officer stopped his vehicle. Id. at 1013. The officer chased the defendant to a fence, which the defendant attempted to climb over. Id. The officer grabbed the *852 defendant to pull him off the fence. Id. The defendant resisted, grabbed the officer, and began striking him. Id. We held that the defendant's convictions for resisting arrest with violence and resisting arrest without violence violated double jeopardy because they arose out of a single continuous episode. Id. at 1014; see Preston v. State, 785 So.2d 713, 713 (Fla. 4th DCA 2001); Madison v. State, 777 So.2d 1175, 1176 (Fla. 5th DCA 2001) ("[A] continuous resistance to the ongoing attempt to effect a defendant's arrest constitutes a single instance of resisting an officer.").
Reversed and remanded with instructions to vacate Appellant's adjudication of delinquency for resisting an officer without violence.
HAZOURI, J., and RODRIGUEZ-POWELL, MILY, Associate Judge, concur.