MARSTILLER, J.
 

 Appellant, Jason Hardy Oakes, seeks reversal of his conviction for false imprisonment arguing the trial court should have granted his motion for judgment of acquittal because the State’s evidence did not show he confined the victim or otherwise restrained her from leaving her apartment after a domestic violence incident. We affirm.
 

 At Appellant’s trial on charges of domestic battery by strangulation, false imprisonment, and battery, the victim testified that Appellant, who at the time was her boyfriend, visited her home on the date of the incident. During the visit, they argued on her porch, at which point Appellant threatened her, shoved her, and “lightly choked” her. They eventually went inside the house, where the argument continued. The victim warned Appellant she would call the police if he did not leave. Hearing this, Appellant punched her, knocking her to the floor. Appellant then pinned her to the ground by placing his knees on her shoulders, and repeatedly hit her in the head and choked her.
 

 False imprisonment is defined as:
 

 [F]orcibly, by threat, or secretly confining, abducting, imprisoning,
 
 or restrain
 
 
 *527
 

 ing
 
 another person without lawful authority and against her or his will.
 

 § 787.02(l)(a), Fla. Stat. (2008) (emphasis added). “The essence of false imprisonment is the act of depriving the victim of personal liberty
 
 or freedom of movement
 
 for any length of time.”
 
 Proko v. State,
 
 566 So.2d 918, 920 (Fla. 5th DCA 1990) (emphasis added). The force used to restrain the victim need not be substantial; it must simply be sufficient to restrict the victim’s movement.
 
 See Conner v. State,
 
 19 So.3d 1117, 1124 (Fla. 2d DCA 2009). For this reason, false imprisonment “may be completed by the simple momentary grasp of another person.”
 
 Id.
 
 at 1124-25 (finding false imprisonment when “the victim’s freedom of movement was restricted [ ] because she was pushed to the ground from behind and choked for a few seconds”);
 
 see also Proko,
 
 566 So.2d at 920 (finding false imprisonment when the defendant grabbed the victim’s hand and a brief “tug of war” ensued as the victim tried to pull free);
 
 Jane v. State,
 
 362 So.2d 1005, 1006 (Fla. 4th DCA 1978) (finding false imprisonment when the defendant held the victim briefly but tightly in a “bear hug”).
 

 Here, the victim testified Appellant pinned her to the floor with his knees on her shoulders, then began to hit and choke her. Although Appellant may only have pinned the victim to the floor temporarily, the evidence sufficed for the jury to find Appellant forcibly restrained the victim. Therefore, the trial court correctly denied Appellant’s motion for judgment of acquittal.
 

 AFFIRMED.
 

 WOLF and PADOVANO, JJ., concur.